1    TODD D. THIBODO (State Bar No. 171655) toddthibodo@charter.net
     LAW OFFICES OF TODD D. THIBODO
2    A PROFESSIONAL CORPORATION
     16133 Ventura Boulevard, Suite 580
3    Encino, California 91436
     Telephone:  (818) 907-5769
4    Facsimile:  (818) 907-5793

5    Attorney for Plaintiff
     DENNIS S. ELLIS

6

7

8                 UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS S. ELLIS,<br><br>           Plaintiff,<br><br>     vs.<br><br>PENNSYLVANIA HIGHER<br>EDUCATION ASSISTANCE<br>AGENCY, et al.,<br><br>           Defendants. | CASE NO. CV 07-4498-DDP (CTx)<br><br>Assigned to:  Judge Dean D. Pregerson<br>Courtroom:   3<br><br>PLAINTIFF'S MOTION IN LIMINE<br>TO EXCLUDE CERTAIN OPINIONS<br>OF DEFENDANTS' EXPERT<br>WITNESS JOHN ULZHEIMER;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES; DECLARATION OF<br>TODD D. THIBODO WITH EXHIBITS<br>A TO C<br><br>MOTION NO. 3<br><br>[Filed concurrently with Declaration of<br>Todd D. Thibodo in Support of<br>Plaintiff's Motion in Limine No. 3 with<br>Exhibits A to C]<br><br>Trial:         September 16, 2008<br><br>Pre-Trial Conf.:    September 8, 2008<br>Time:          4:00 p.m.<br>Place:        Crtrm. 3 |

25    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

26           PLEASE TAKE NOTICE that on September 8, 2008, at 4:00 p.m. or

27    as soon thereafter as the matter may be heard, in the Courtroom of the Honorable

28    Dean D. Pregerson, located at 312 N. Spring Street, Los Angeles, California,

Plaintiff Dennis S. Ellis ("Plaintiff") will and hereby does move this Court *in limine* for an order barring defendants Pennsylvania Higher Education Assistance Agency ("PHEAA") and KeBank USA N.A. ("KeyBank") (collectively "Defendants"), its counsel, and its witnesses from introducing evidence, making reference to, commenting about, and/or presenting any argument based on the following opinions by Defendants' rebuttal expert witness John Ulzheimer:

   (1)  The opinion that Defendants' credit reporting was correct;

   (2)  All non-rebuttal opinions offered by Defendants' expert;

   (3)  All opinions that are attacks on the credibility of Plaintiff's expert witness; and

   (4)  All opinions that are not set forth in Defendants' expert witness report.

  This motion is made following the conference of counsel pursuant to Local Rule 7-3 and 16-2.6.  On July 31, 2008, Plaintiff informed Defendants that he would be making this motion and requested that Defendants stipulate to exclusion of Ulzheimer's opinions.  Plaintiff brings this motion as Defendants have failed to confirm that they will not seek to introduce such evidence.

  This motion is made on the following grounds.  First, the first opinion set forth in Ulzheimer's report is not based on reliable foundation, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).  The Court should exclude Ulzheimer's first opinion as it is not based on reliable foundation.

  Second, on June 2, 2008, pursuant to the Court's Order on the stipulation of the parties concerning expert witness disclosures, Plaintiff timely disclosed its expert witness, Thomas Tarter, and served his expert witness report on Defendants.  Defendants failed to serve any expert witness disclosure on June 2, 2008, but, instead, served their joint disclosure of Ulzheimer, and a written

1    report, on June 30, 2008, the deadline for disclosure of rebuttal expert witnesses.

2    Many of the opinions set forth in Ulzheimer's expert witness report, however, are

3    not offered in rebuttal to the opinions stated by Plaintiff's expert, but are, instead,

4    additional affirmative opinions concerning the issues raised in this case.  Because

5    Defendants' disclosure of Ulzheimer was timely only as a rebuttal expert witness,

6    all of his non-rebuttal opinions should be excluded.

7              Third, several of the opinions set forth in the Ulzheimer Report are

8    nothing more than attacks on the credibility of Plaintiff's expert witness.

9    Opinions that merely attack the credibility of an opposing expert do not assist the

10   trier of fact, and, therefore, are not permissible areas of expert witness testimony.

11   Accordingly, the Court should exclude all of Ulzheimer's opinions that are

12   directed solely at the credibility of Plaintiff's expert.

13             Fourth, Ulzheimer testified in his deposition that his report did not

14   set forth all of his opinions.  The Court should exclude Ulzheimer from offering

15   at trial any opinions that are not set forth in his Report.

16             This Motion is based on this Notice of Motion, the attached

17   Memorandum of Points and Authorities, the Declaration of Todd D. Thibodo

18   with Exhibits A to C, the complete files and records in this action, and any

19   further oral and/or written evidence as may be presented at, or before, the hearing

20   on this matter.

21

22   DATED:  August 18, 2008          TODD D. THIBODO
                                      LAW OFFICES OF TODD D. THIBODO
23                                    A PROFESSIONAL CORPORATION

24                                    By:_____/s/ Todd D. Thibodo_____
                                          Todd D. Thibodo
25
                                      Attorney for Plaintiff DENNIS S. ELLIS
26

27

28

                                      -3-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

This case involves a dispute between Plaintiff and Defendants concerning Defendants' incorrect reporting of derogatory credit information to national credit bureaus.  Pursuant to the Court's May 22, 2008 Order on Stipulation (a true and correct copy of which is attached as Exhibit A to the Declaration of Todd D. Thibodo ("Thibodo Decl.")), the parties were required to make simultaneous expert witness disclosures on June 2, 2008, with rebuttal disclosures to be made by June 30, 2008.  Defendants did not disclose any expert witnesses on June 2, 2008.  On June 30, 2008, Defendants made a joint Disclosure of Expert Witness and Written Report of John Ulzheimer.  (Thibodo Decl., ¶ 2.  A true and correct copy of Defendants Pennsylvania Higher Education Assistance Agency and KeyBank, National Association's Disclosure of Expert Witness and Written Report of John Ulzheimer is attached as Exhibit B to the Thibodo Decl.)

By this motion, Plaintiff Dennis Ellis ("Plaintiff") seeks an order in limine excluding evidence, testimony and argument regarding the following opinions by Defendants' rebuttal expert:

(1)  The opinion that Defendants' credit reporting was correct;

(2)  All non-rebuttal opinions offered by Defendants' expert;

(3)  All opinions that are attacks on the credibility of Plaintiff's expert witness; and

(4)  All opinions that are not set forth in Defendants' expert witness report.

This motion is made on the following grounds.  First, the first opinion set forth in the Ulzheimer Report is not based on reliable foundation, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997), and *Kumho Tire Co., Ltd. v.*

-4-

*Carmichael*, 526 U.S. 137 (1999).  The Court should exclude all of Ulzheimer's first opinion as it is not based on reliable foundation.

Second, many of the opinions set forth in the Ulzheimer Report are not offered as a rebuttal to the opinions stated by Plaintiff's expert, but, instead, are offered as affirmative opinions.  Because Defendants' disclosure of Ulzheimer was timely only as a rebuttal expert witness, all of his non-rebuttal opinions should be excluded.

Third, several of the opinions set forth in the Ulzheimer Report are nothing more than attacks on the credibility of Plaintiff's expert witness.  Opinions that merely attack the credibility of an opposing expert do not assist the trier of fact, and, therefore, are not permissible areas of expert witness testimony.  Accordingly, the Court should exclude all of Ulzheimer's opinions that are directed at the credibility of Plaintiff's expert.

Fourth, Ulzheimer testified in his deposition that his report did not set forth all of the opinions he intends to offer at trial.  Pursuant to the Court's May 22, 2008 Order and Federal Rule of Civil Procedure 26(a)(2), the Court should exclude Defendants from offering at trial any opinions that are not set forth in the Ulzheimer Report.

On July 31, 2008, Plaintiff informed Defendants that he would be making this motion and requested that Defendants stipulate to exclusion of Ulzheimer's opinions.  (Thibodo Decl., ¶ 5.)  Plaintiff brings this motion as Defendants have failed to confirm that they will not seek to introduce such evidence.  (*Id.*)

## II. <u>THE COURT SHOULD EXCLUDE ALL OPINIONS OFFERED BY DEFENDANTS' EXPERT THAT ARE NOT BASED ON RELIABLE FOUNDATION.</u>

"The Federal Rules of Evidence 'assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is

relevant to the task at hand.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). The District Court's "general 'gatekeeping' obligation applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Id.* The Court has "broad latitude" in deciding how it will determine the reliability of the foundation of an expert's testimony. *Id.* at 142 (citing *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997)).

In this case, the very first rebuttal opinion set forth in the "opinion" section of the Ulzheimer Report, at the top of the fourth page of the Report (there are no page or paragraph numbers contained in the 10-page Report), states:

> *Tarter Opinion* – PHEAA did not accurately report the status of Mr. Ellis' loan to the credit bureaus.
>
> *Ulzheimer Rebuttal* – This is a common theme peppered throughout Tarter's report and is the basis for many of his opinions and statements. The simple fact is **defendant's credit reporting, even by plaintiff's counsel's admission, is correct.**

As foundation for this opinion, Ulzheimer offers four bullet points where he asserts that "Plaintiff's attorney concedes" that Defendants' reporting "is correct." As an initial matter, there is simply no concession that Defendants' reporting was correct or accurate, or that Plaintiff was 60 days late in making a payment, anywhere in any of the language Ulzheimer quotes in his report. In addition, whether or not any of the statements quoted by Ulzheimer are "admissions" is a matter within the Court's discretion, not something that an expert witness is permitted to decide. (*See, e.g., American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988) (stating that it is within the District Court's discretion to determine whether a statement in a brief is a judicial admission).

1    Further, Ulzheimer concludes his first opinion with the assertion that

2  "[t]hese [quoted statements] are not the statements and actions taken by a

3  consumer who was not delinquent in making a payment on a loan.  In fact, they

4  are common statements and actions taken by someone who was, in fact,

5  delinquent in making a payment on a loan, realized their delinquency, and took

6  the steps to correct their past due status." (Thibodo Decl., Exhibit B, Ulzheimer

7  Report, p. 4.)  Ulzheimer's opinion regarding Plaintiff's motives in making

8  certain statements and taking certain actions is nothing more than unsupported

9  and unscientific amateur psychology.  It is not reliable foundation for an expert

10  opinion regarding the accuracy of credit reporting.

11    Finally, Ulzheimer testified in his deposition that prior to writing his

12  report, he did not receive or review records of Plaintiff's payment history.

13  (Ulzheimer Deposition, 91:13-92:6; 94:19-95:3; 95:10-96:2.).  (True and correct

14  copies of the cited pages of the Ulzheimer Deposition transcript are attached as

15  Exhibit C to the Thibodo Decl.)  Since Ulzheimer did not receive or review any

16  records of Plaintiff's payment history prior to preparing his report, it would have

17  been impossible for him to analyze whether Plaintiff was in a "paid ahead" status

18  at the time Defendants reported him 60-days late.  In sum, the Ulzheimer

19  "rebuttal" to Plaintiff's expert's opinion is *not* based on any reliable foundation.

20  Accordingly, the Court should issue an order excluding such testimony at trial.

21  III.    **THE COURT SHOULD EXCLUDE ALL OPINIONS OFFERED BY**

22    **DEFENDANTS' EXPERT THAT ARE NOT IN REBUTTAL TO**

23    **PLAINTIFF'S EXPERT.**

24    Pursuant to the Court's May 22, 2008 Order (Thibodo Decl., Exhibit

25  A), the parties were required to make simultaneous expert witness disclosures on

26  June 2, 2008, with rebuttal disclosures to be made by June 30, 2008.  Defendants

27  did not disclose any expert witnesses on June 2, 2008.  On June 30, 2008,

28

-7-

Defendants made a joint Disclosure of Expert Witness and Written Report of John Ulzheimer.  (Thibodo Decl. ¶ 2.)  Because Defendants' disclosure of Ulzheimer was timely only as a rebuttal expert witness, his opinions should be limited to rebuttal opinions.  In at least three instances, however, Ulzheimer asserts opinions that are not in rebuttal to Plaintiff's expert.

The Ulzheimer Report contains the following non-rebuttal opinion:

> *Tarter Opinion* - The credit industry standard requires that lenders should act in good faith and deal fairly with their customers and borrowers.

> *Ulzheimer Opinion* - It's my understanding from my discussions with defendant's counsel that plaintiff was at least 30 days past due a number of times during the past decade and that the practice of student loan credit reporting is to NOT report a borrower who is only 30 days late.  And, that defendant called plaintiff time and time again to remind him that his payments were due or past due.  This type of customer service simply is unheard of in any other lending environment.  I believe anyone would call these practices as being extremely fair of any lender.

(Thibodo Decl., Exhibit B, p. 5.)  Putting aside whether "discussions with defendant's counsel" is reliable foundation for expert testimony, or whether defendant's counsel's statements can simply be parroted to a jury under the guise of "expert testimony," there is nothing in the above-quoted "Ulzheimer Opinion" that rebuts the statement that "[t]he credit industry standard requires that lenders should act in good faith and deal fairly with their customers and borrowers."

The Ulzheimer Report also contains the following non-rebuttal opinion:

> *Tarter Opinion* - It is common for collection personnel to have the authority to agree to amend previously reported credit information if

-8-

1    an error occurs in mailing a payment if the customer has a long term

2    history of making payments.

3    *Ulzheimer Opinion* - As a former employee of a credit reporting

4    agency I'm am not familiar with this "common practice."  I am,

5    however, familiar with the fact that the credit bureaus frown upon

6    "removal for payment" or "removal for appeasement" deals cut

7    between collection agencies/departments and consumers.  Removing

8    accurate data devalues credit reports, which I will address in much

9    greater detail later in my report.

10   (Thibodo Decl., Exhibit B, p. 8.)  Here, again, Defendants are attempting to

11   introduce the opinions that "credit bureaus frown upon 'removal for payment' or

12   'removal for appeasement' deals cut between collection agencies/departments

13   and consumers" and "[r]emoving accurate data devalues credit reports" under the

14   pretext of "rebuttal" opinion.  Whether these statements are accurate or not, they

15   are not rebuttal to the opinion of Plaintiff's expert.

16        The Ulzheimer Report also contains the following non-rebuttal

17   opinion:

18   *Tarter Opinion* – Credit reports are important and a significant

19   source of income for CRA's who market the importance of good

20   credit reports and sell credit information to consumers such as

21   Experian's Triple Advantage program that is billed to consumers at

22   $14.95 for each month that a membership is continued.

23   *Ulzheimer Opinion* – This comment seems pointless and lacks

24   relevance in this matter.  However, I'd like to make a point using his

25   opinion that does have relevance to this matter, which is removing

26   negative but accurate credit information damages the entire credit

27   industry as well as others who depend on accurate credit reporting

28

-9-

1    Tarter accurately states in his report, "A basic cornerstone of
2    consumer lending is the validity of the credit information."
3    It's very true that millions of finance, insurance, and employment
4    decisions are made each year and most of them are made using
5    credit reports and/or credit scores (employment decisions can
6    involve a credit report but not a credit score, which was incorrectly
7    stated in Tarter's report). The parties rely on this information being
8    an accurate as possible reflection of the credit management practices
9    of the applicant, prospect or existing customer.
10   Simply removing accurate information because someone doesn't
11   want it there is a disservice to any subsequent lender, insurance
12   company or employer who has the right to see it. In fact, part of the
13   reason the credit markets are in the worst shape they've been in
14   since my introduction to the industry in 1991 is because of
15   consumers attempting, and succeeding in many cases, to cover up
16   their true credit risk.  This in turn leads to an approval when a denial
17   was more appropriate, or an approval but with inappropriate terms
18   for the true risk posed by the consumer.
19   In addition, it leads to devaluation of the credit report and the credit
20   score, neither of which yield a true and accurate reflection of the
21   consumer's true risk if the data can be manipulated. Surely we can
22   all agree on the need and importance of full and accurate credit
23   reporting.
24   (Thibodo Decl., Exhibit B, pp. 9-10.)  This is yet another example of Defendants'
25   attempt to introduce affirmative opinions under a pretext of "rebuttal."
26          Finally, at pages 9-10 of the Ulzheimer Report, under the heading
27   "Credit scores do not measure information in a vacuum," Ulzheimer states that he
28   "believe[s] it's important to point out and discuss a feature of credit scores that

-10-

1   wasn't adequately addressed in Tarter s report. . . ."  By Ulzheimer's own

2   admission, therefore, none of the paragraphs that follow are in rebuttal to

3   anything in the Tarter Report.  If Defendants intended to offer these affirmative

4   opinions, they were required to disclose Ulzheimer and his report on June 2,

5   2008.  Defendants timely disclosed Ulzheimer as a rebuttal expert only, however,

6   and his testimony should be limited to rebuttal.  The Court should issue an order

7   excluding all of the above-quoted affirmative, non-rebuttal expert testimony.

8   **IV.    THE COURT SHOULD EXCLUDE ALL OPINIONS OFFERED BY**

9   **DEFENDANTS' EXPERT THAT ATTACK THE CREDIBILITY OF**

10  **PLAINTIFF'S EXPERT WITNESS.**

11          The "rebuttal" opinion that starts at the bottom of page 5 of the

12  UUlzheimer Report begins with the statement, "After reviewing Tarter's CV I

13  see that he has no experience in credit scoring."  Ulzheimer goes on to state on

14  the following pages that:  "[t]he problem [with Tarter's opinion] is that there is

15  no credit score experience cited in his CV"; "in this case what we have is an

16  expert who has admittedly has (sic) no experience in credit scoring"; and "[t]his

17  is not, in my opinion the basis for anything more than speculation or conjecture."

18          "Expert testimony that does nothing but vouch for or attack another

19  witness' credibility encroaches upon the jury's exclusive function to make

20  credibility determinations, and therefore does not 'assist the trier of fact' as

21  required by FRE 702."  Jones, *et al.,* Rutter Group Prac. Guide:  Fed. Civ.

22  Trials & Evid. § 8:1534 (The Rutter Group 2008) (citing *United States v.*

23  *Charley* 189 F3d 1251, 1267 (10th Cir. 1999); *Nimely v. City of New York* 414

24  F3d 381, 398 (2nd Cir. 2005); *United States v. Sine* 493 F3d 1021, 1040 (9th Cir.

25  2007)).  From the bottom of page 5 of his report through the top of page 8,

26  Ulzheimer does little else than attack the credibility of Plaintiff's expert.

27  Because this testimony encroaches upon the jury's exclusive function and does

28  not "assist the trier of fact," the Court should exclude this testimony.

-11-

## V.     THE COURT SHOULD EXCLUDE ANY TESTIMONY BY DEFENDANTS' EXPERT CONCERNING OPINIONS THAT ARE NOT SET FORTH IN HIS EXPERT REPORT.

In the Court's May 22, 2008 Order, the parties were required to make expert witness disclosures "in a form that complies with Fed. R. Civ. P. 26(a)(2)." Fed. R. Civ. P. 26(a)(2)(B)(i) provides that the expert witness report "must contain" "a complete statement of all opinions the witness will express and the basis and reasons for them[.]"  During his deposition, Ulzheimer testified that he did not include in his Report all of the opinions he intended to offer at trial. (Thibodo Decl., Exhibit C, Ulzheimer Depo., 20:16-21:24.)  By failing to disclose "a complete statement of all opinions" Ulzheimer intends to express at trial,  Defendants have failed to comply with the Court's May 22, 2008 Order and with Rule 26(a)(2)(B)(i).  For these reasons, the Court should preclude Defendants' expert from offering any opinion testimony that was not set forth in his expert report.

## VI.    CONCLUSION

For all of the foregoing reasons, Plaintiff requests that the Court grant his motion in limine, and preclude Defendants from introducing evidence, making reference to, commenting about, and/or presenting any argument based on the above-referenced opinions by Defendants' rebuttal expert witness John Ulzheimer.

DATED:  August 18, 2008          TODD D. THIBODO
                                 LAW OFFICES OF TODD D. THIBODO
                                 A PROFESSIONAL CORPORATION

                                 By:_____/s/ Todd D. Thibodo_____
                                         Todd D. Thibodo

                                 Attorney for Plaintiff DENNIS S. ELLIS

-12-