O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS S. ELLIS, an individual, | Case No. CV 07-04498 DDP (CTx) |
| Plaintiff, | **ORDER DENYING DEFENDANT KEYBANK USA NA'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, a Pennsylvania corporation; KEY BANK USA NA, an Ohio corporation, | [Motion filed on August 22, 2008] |
| Defendants. | |

This matter comes before the Court on Defendant KeyBank's Motion for Reconsideration of the Court's August 12, 2008 Order Granting in Part and Denying in Part KeyBank's Motion for Summary Judgment. After reviewing the materials submitted by the parties and considering the arguments therein, the Court denies KeyBank's Motion for Reconsideration and denies Plaintiff's Motion for Sanctions.

///

///

## I. BACKGROUND

Plaintiff Dennis Ellis brings this suit against defendants Pennsylvania Higher Education Assistance Agency ("PHEAA") and KeyBank USA, alleging that PHEAA and KeyBank failed to provide notice that his student loan payment was past due and subsequently notified the national credit reporting agencies that Ellis was delinquent in making payment on his loan, which resulted in negative credit reports. In his complaint, Ellis raised federal Fair Credit Reporting Act ("FCRA") claims, breach of contract claims, and additional state law claims that seek damages and declaratory relief. Compl. ¶¶ 24-52.

In an order issued August 12, 2008 (the "Order"), the Court granted in part and denied in part the defendants' motions for summary judgment. Order at 21-22. The Court found that Ellis has causes of action against PHEAA for FCRA violations, breach of written contract, and violations of California's unfair competition law. Id. The Court dismissed Ellis's breach of oral contract claims against both PHEAA and KeyBank. Id. The Court denied summary judgment against KeyBank on breach of written contract and FCRA claims. Id. With regard to Ellis's FCRA claims against KeyBank, the Court found that there was "no evidence that KeyBank separately provided information to" the credit reporting agencies, and therefore KeyBank was not subject to FCRA claims as an entity that furnished the negative report. Id. at 16:2-5. The Court allowed an FCRA claim to go forward against KeyBank, however, on a theory of vicarious liability. Id. at 16-18. Although Ellis had "not fully explore[d]" the question in his papers, the Court decided to address the issue because the argument was "implicitly raised by

2

[Ellis's] discussion of KeyBank and PHEAA's relationship." Id. at 16 n.9.

KeyBank moves the Court to reconsider its findings that there remains a genuine issue of material fact as to whether PHEAA is an agent of KeyBank and whether KeyBank can be vicariously liable for PHEAA's actions. KeyBank purports to bring its motion on the basis of both Federal Rule of Civil Procedure 59(e) and Local Rule 7-18. KeyBank argues that the Court's decision was "manifestly unjust" because it did not have the opportunity to brief the issue on summary judgment, that Ellis's pleadings and papers do not suggest an FCRA vicarious liability theory, and that the Court's decision effected clear error in light of the facts and evidence. Concurrently with his Opposition, Ellis filed a motion for sanctions against KeyBank.

**II. DISCUSSION**

A. <u>Procedural Compliance of KeyBank's Motion for Reconsideration</u>

Ellis first challenges KeyBank's motion on procedural grounds and urges the Court to deny KeyBank's motion entirely. Ellis argues that the motion does not comply with the requirements of Local Rule 7-3. Additionally Ellis argues that neither Federal Rule of Civil Procedure 59(e) nor Local Rule 7-18 provide a procedural basis for this motion.

1. *Local Rule 7-3*

Central District of California Local Rule 7-3 requires "counsel contemplating the filing of any motion" to first contact opposing counsel "to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution."

3

1  L.R. 7-3 (emphasis in original). The rule also imposes a timeline
2  for that meeting: for motions that must be filed within a certain
3  time period according to the Federal Rules of Civil Procedure, the
4  conference "shall take place at least five days prior to the last
5  day for filing the motion"; all other motions require conference
6  "at least twenty days prior to the filing of the motion." Id.

7  The five day deadline provides the appropriate timeline here.
8  KeyBank filed its motion for reconsideration under the guise of
9  Federal Rule of Civil Procedure 59(e), which must be filed "no
10 later than ten days after the entry of the judgment." The Court's
11 Order Granting in Party and Denying in Part the motions for summary
12 judgment was issued on August 12, 2008. KeyBank had ten days from
13 that date to file its motion for reconsideration, and was required
14 by Local Rule 7-3 to confer with Plaintiff's counsel five days
15 prior. By failing to send Ellis's counsel notification until August
16 21, 2008, KeyBank missed this deadline for the conference. KeyBank
17 filed its motion the following day.

18 Although the Court shares Ellis's frustration with KeyBank's
19 failure to comply with Local Rule 7-3, the Court declines to
20 summarily deny KeyBank's motion on that ground. Instead, as
21 discussed below, the Court denies KeyBank's motion on other
22 grounds.

23              2. *Procedural Basis for KeyBank's Motion*

24 KeyBank moves on the basis of both Rule 59(e) and Local Rule
25 7-18. Arguing that the circumstances here do not lend KeyBank the
26 opportunity to invoke Rule 59(e), Ellis urges the Court to apply
27 only the standard imposed by Local Rule 7-18.

28

1    Rule 59 generally provides the means to move for a new trial.
2 Subsection (e) governs motions "to alter or amend a judgment," and
3 uses the definition of "judgment" provided in Rule 54(a). 10
4 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure
5 § 2651; Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466-
6 67 (9th Cir. 1989). Rule 54(a) provides that the term "judgment,"
7 as used in the Federal Rules of Civil Procedure, "includes a decree
8 and any order from which an appeal lies." Fed. R. Civ. P. 54(a).
9    Because KeyBank seeks reconsideration of the portion of the
10 Court's August 12 Order that denied summary judgment, Rule 59(e) is
11 not an appropriate basis for its motion, as no judgment was entered
12 on those claims. See Balla, 869 F.2d at 466-67 (9th Cir. 1989);
13 Auto Services Co., Inc. v. KPMG LLP, --- F.3d ---, 2008 WL 3166153
14 at *2 (8th Cir. 2008); Moodie v. Federal Reserve Bank of N.Y., 835
15 F. Supp. 751, 752 (S.D.N.Y. 1993); cf. Backlund v. Barnhart, 778
16 F.2d 1386, 1388 (9th Cir. 1985) (allowing 59(e) motion where
17 summary judgment had been granted on all counts). Accordingly, the
18 Court considers KeyBank's motion only against the standard imposed
19 by Local Rule 7-18.
20    C.   Reconsideration Pursuant to Local Rule 7-18
21    Local Rule 7-18 provides, in relevant part, that a motion for
22 reconsideration of the Court's decision on any motion
23     may be made only on the grounds of (a) a material difference
24     in fact or law from that presented to the court before such
25     decision that in the exercise of reasonable diligence could
26     not have been known to the party moving for reconsideration at
27     the time of such decision … or (c) a manifest showing of a

    failure to consider material facts presented to the Court before such decision.

L.R. 7-18. Additionally, parties are prohibited from "repeat[ing] any oral or written argument made in support of or in opposition to the original motion."

KeyBank argues that reconsideration is warranted under 7-18(a) and (c) because: (1) Ellis "did not plead or present any evidence in opposition to KeyBank's motion for summary judgment or argument in his papers on the issue," and therefore Keybank "could not have known, in the exercise of reasonable diligence, of a difference in law to present to the Court in advance of entry of the Order," and (2) "the Court entered the Order without full consideration of undisputed facts on this issue which would have warranted summary judgment in KeyBank's favor." Mot. at 3:10-16.

The Court finds that it was appropriate for it to consider the vicarious liability issues in denying summary judgment. Ellis's pleadings were not deficient in providing notice for a vicarious liability claim. The allegations in the First Amended Complaint ("FAC") have alleged problematic conduct by repeatedly treating PHEAA and KeyBank together with regard to responsibility for actions taken by PHEAA. E.g., FAC ¶¶ 25, 26, 29 (alleging that "Defendants" violated the FCRA, but referring only to actions by AES). Moreover, Ellis expressly mentioned issues of agency in another briefing to the Court, albeit on the California Business and Professions Code § 17200 claim, rather than on the FCRA. Thus, to the extent KeyBank complains that it had no notice or opportunity to seek discovery on issues such as agency, KeyBank's argument is unpersuasive.

   Nevertheless, the Court does not find that, in the exercise of reasonable diligence, KeyBank should have been prepared to offer contrary law on the theory of vicarious liability under the FCRA during the summary judgment hearing.  Although Ellis had provided notice of vicarious liability as a plausible theory through his pleadings and prior motions, he did not flesh out a vicarious liability argument with regard to the FCRA claims in papers before the Court on summary judgment.

   Upon reconsideration of the legal issues, however, the Court is not persuaded that KeyBank's motion for summary judgment should have been granted. The Ninth Circuit has not spoken on the issue of whether the FCRA supports a theory of vicarious liability. Most of the courts that have considered the issue, however, have concluded that vicarious liability is consistent with the FCRA. See <u>Smith v. Sears, Roebuck & Co.</u>, 276 F. Supp. 2d 603, 606 (S.D. Miss. 2003) (listing cases).  The majority of the litigation on the subject of vicarious liability under the FCRA has been conducted in the context of the misappropriation of a consumer report in violation of § 1681b. See, e.g., <u>Jones v. Federated Financial Reserve Corp.</u>, 144 F.3d 961 (6th Cir. 1998); <u>Yohay v. City of Alexandria Employees Credit Union, Inc.</u>, 827 F.2d 967 (4th Cir. 1987); <u>Kodrick v. Ferguson</u>, 54 F. Supp. 2d 788 (N.D. Ill. 1999); <u>Cole v. Am. Family Mut. Ins. Co.</u>, 333 F. Supp. 2d 1038 (D. Kan. 2004). At least one case in this district has held that vicarious liability principles can apply to other violations of the FCRA. See <u>Edwards v. Toys "R" Us</u>, 527 F. Supp. 2d 1197, 1212–1213 (C.D. Cal. 2007) (concerning the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c). Indeed, the reasoning supporting a vicarious liability theory does

not seem limited to § 1681b. In Jones, perhaps the leading case on this topic, the Sixth Circuit held that vicarious liability "is in keeping with the FCRA's underlying deterrent purpose" and the underlying FCRA policy of consumer protection. 144 F.3d at 965-66. Because it advanced the FCRA's goals and "produce[d] no inconsistencies with other FCRA provisions," the Jones court found vicarious liability to be appropriate. Id. at 966.

KeyBank points the Court to authority criticizing the Jones approach. In particular, KeyBank points to Kodrick, 54 F. Supp. 2d at 788. The Kodrick court declined to follow Jones and found vicarious liability inappropriate under § 1681b of the FCRA. In Kodrick, the court determined whether a subscriber to credit reporting agency ("CRA") consumer credit reports could be liable for the improper use of the information by one of its employees. The court declined to follow the Jones approach because, on its reading of the statutory scheme, Congress specifically chose to focus liability on CRAs and individuals who misused the information. The court pointed to the criminal sanctions imposed by the statute for individuals who misused a credit report, see 15 U.S.C. § 1681q, and read those as providing sufficient deterrence for violating the law. Against that backdrop, the court reasoned, "the text and structure of the FCRA ... indicate that Congress carefully located the penalty for impermissible use- and thus the duty to prevent it- with the industry players best able to correct the systemic problems: consumer reporting agencies and individuals who knowingly violate the law." 54 F. Supp. 2d at 794. The court also seemed concerned by what it considered an imposition of

"strict liability" on employers for the acts of their employees. See also Smith, 276 F. Supp. 2d at 609.

The Court is not persuaded that summary judgment in favor of KeyBank is warranted on the reasoning presented in that case. The Court does not find Kodrick persuasive for these circumstances. First, the statutory analysis on which the Kodrick opinion rested seems centered on § 1681b. As noted above, Kodrick disagreed with the Jones approach in part because of its reasoning regarding deterrence. The Kodrick court found that the general deterrence goals and policies of the FCRA were met in part by the imposition of criminal sanctions. 54 F. Supp. 2d at 797. The criminal liability imposed by § 1681q applies only to those who "knowingly and willfully obtain[] information on a consumer from a consumer reporting agency under false pretenses," and not to furnishers of information. KeyBank does not explain how the specific statutory reasoning in that case would be applicable here.

The conduct at issue in this motion centers on a role KeyBank would have to the extent it serviced the loan rather than contracted with PHEAA, i.e., furnishing information regarding Ellis's credit. It makes sense to allow Ellis the opportunity to prove to a jury that KeyBank in fact controlled how PHEAA conducted the responsibilities KeyBank delegated to it. The opposite result would mean that, even if KeyBank specifically controlled how PHEAA conducted investigations and reporting, because KeyBank did not actually provide information to a CRA, KeyBank could not violate the FCRA. The Court remains persuaded by the broader reasoning in the cases finding vicarious liability, which are in line with a "liberal construction of the FCRA" and the statute's general

purpose "to protect consumers from the transmission of inaccurate information about them." Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1333 (9th Cir. 1995).

To the extent KeyBank argues that the cases the Court cited are factually distinguishable such that they are inapposite, the Court disagrees. KeyBank's arguments primarily distinguish the facts on the degree of the principal-agent relationship; as noted in the Order, the Court considers this to be an issue for trial. See Edwards, 527 F. Supp. 2d at 1213. The Court's Order did not hold that PHEAA *was* KeyBank's agent, but rather that Ellis has presented enough evidence to show that a genuine issue of material fact remains as to whether there is a relationship giving rise to vicarious liability. At trial, Ellis will still need to prove that vicarious liability should indeed be imposed by, for example, showing that KeyBank controlled PHEAA's conduct here.

KeyBank's argument under 7-18(c) also cannot prevail. KeyBank reminds the Court of the evidence before it on the Motion for Summary Judgment that suggests PHEAA was not KeyBank's agent, including the contract between PHEAA and KeyBank.  Additionally, KeyBank argues that Ellis, who would have the burden of proving an agency relationship at trial, cannot present evidence so proving. The Court considered the evidence KeyBank refers to her in deciding the summary judgment motion. Accordingly, the Court finds that KeyBank does not offer a "manifest showing" that the Court failed to consider material facts presented to it.  For the same reasons as the Court's prior, KeyBank has not shown that no reasonable jury could find an agency relationship exists. That said, this order

10

does not prevent KeyBank from filing a judgment as a matter of law during trial.

### D. Plaintiff's Motion for Sanctions

Ellis moves for sanctions pursuant to Local Rule 83-7 for KeyBank's "repeated violations of the local rules." Ellis points to the violation of Local Rule 7-3 in filing this motion, as well as KeyBank's prior action requiring Ellis to pursue a motion for leave to file its FAC, but then choosing not to oppose it. The Court denied Ellis's previous request for sanctions in connection with the filing of the FAC.

Local Rule 83-7 authorizes sanctions if the court finds that the conduct was "willful, grossly negligent, or reckless." L.R. 83-7(a). In light of KeyBank's explanation for its violation of Local Rule 7-3, the Court does not find that KeyBank's violation was willful, nor that KeyBank's conduct otherwise warrants sanctions. See Brooks Decl. ¶¶ 8-11.

**III. CONCLUSION**

For the foregoing reasons, the Court denies KeyBank's motion for reconsideration and denies Ellis's motion for sanctions.

IT IS SO ORDERED.

Dated: September 23, 2008

DEAN D. PREGERSON
United States District Judge

11